# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JAMES CURTIS POET, In Pro Per,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION; Does 1 through 250, inclusive,,<br><br>Defendants. | CASE NO. 3:14-cv-2438-GPC-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS;**<br><br>**(2) VACATING HEARING DATE**<br><br>**[ECF No. 6]** |
|---|---|

Before the Court is Defendant JPMORGAN CHASE BANK, N.A.'s ("Defendant") Motion to Dismiss. (ECF No. 6.) Defendant argues that Plaintiff James Curtis Poet ("Plaintiff"), proceeding *pro se*, has failed to allege facts sufficient to support his quiet title claim. (*Id.*; *see also* ECF No. 1-1) The deadline for filing an opposition to Defendant's motion was December 5, 2014. (ECF No. 7.) To date, Plaintiff has not responded to Defendant's motion. (*See* ECF No. 8.)

Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1.f.3.c. While "[f]ailure to follow a district court's local rules is a proper ground for dismissal," courts must consider the following factors before dismissing a case on such a ground:

"(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citation and internal quotation marks omitted).

First, the Court finds the public's interest in expeditious resolution of litigation weighs in favor of dismissal, as Plaintiff's claim against Defendant will be entirely resolved without further delay if Defendant's motion is granted. Second, the Court's need to manage its docket also weighs in favor of dismissal as Plaintiff has not made a single filing with this Court in the approximately three months since it was removed to federal court. (*See* ECF No. 1.) Third, the risk of prejudice to Defendant weighs against dismissal as there is no evidence that continuing with this case would prejudice Defendant. Fourth, the public policy favoring disposition of cases on their merits weighs against dismissal; yet, Plaintiff's failure to respond to Defendant's motion indicates Plaintiff's disregard for disposing of his case on the merits. Finally, the Court is not imposing sanctions, but is instead considering whether to grant an unopposed motion. Though Defendant requests dismissal with prejudice, the Court does not believe that such action is warranted for the first instance of nonopposition. The lesser dismissal without prejudice suffices. Having considered the above factors, the Court finds they weigh in favor of granting Defendant's motion as unopposed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED** as unopposed;
2. Plaintiff's complaint is **DISMISSED** without prejudice; and
3. The hearing set for January 16, 2015 is **VACATED**.

DATED: January 13, 2015

HON. GONZALO P. CURIEL
United States District Judge